IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-00498-PSF-OES

NORMAN W. BRUCE,

    Applicant,

v.

UNITED STATES BUREAU OF PRISONS; and
J.L. NORWOOD, Warden, FCI Englewood,

    Respondents.

**ORDER ACCEPTING AND ADOPTING
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

    THIS MATTER is before the Court on the Recommendation for Dismissal (Dkt. # 15), filed April 28, 2005, in which Magistrate Judge Schlatter recommends that the Court deny the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 of Norman W. Bruce. In his Application, Mr. Bruce argues that the United States Bureau of Prisons' ("BOP") method of calculating good-time credit violates 18 U.S.C. § 3624(b). Also before the Court is Mr. Bruce's Objections to the Magistrate's Recommendation (Dkt. # 16). The Court's review of the Recommendation is governed by 28 U.S.C. § 636(b)(1) and F.R.Civ.P. 72(b).

    Mr. Bruce raises several specific objections to the Magistrate Judge's Recommendation, including that Congress' intent in passing § 3624(b) is unambiguous and the Recommendation is contrary to that intent, and that the Magistrate Judge improperly relied upon *Pacheo-Camacho v. Hood*, 272 F.3d 1266, 1272 (9th Cir. 2001) to reject the

rule of lenity. Mr. Bruce raised these same issues in his Response to the Respondents' Answer for Writ of Habeas Corpus, to which the Magistrate Judge thoroughly responded.

Regardless, the Court has completed a *de novo* review of the entire case file, including not only the Magistrate Judge's Recommendation and related filings, but also the Application, Answer and Response. The Court has also reviewed *Moreland v. Fed. Bureau of Prisons*, 363 F. Supp. 2d 882 (S.D. Tex. 2005), which Mr. Bruce cites in support of his Application. While the Court recognizes that in *Moreland* a district judge adopted a magistrate judge's recommendation that the BOP's interpretation of § 3624(b) be found incorrect and held that the statute unambiguously requires the calculation of good-time credit based on the sentence imposed, *id.* at 886, it is one of only a few cases throughout the country in which a court has so held. Indeed, no circuit court that has addressed this issue has concluded that the BOP's interpretation of the statute is unreasonable. *See Yi v. Fed. Bureau of Prisons*, 2005 WL 1413897 *4 (4th Cir., June 17, 2005) (recognizing several of the circuit courts' acceptance of the BOP's interpretation of § 3624(b)). This Court followed the majority view embraced by all circuits having considered the issue as noted in *Yi* in its November 29, 2004 Order Accepting and Adopting Recommendation of Magistrate Judge in *Haslam v. Rios*, 04-F-1274 (CBS) ("[Plaintiff] incorrectly interprets the 'term of imprisonment' provision of 18 U.S.C. § 3624(b) to mean that the Bureau of Prisons ('BOP') must calculate [good-time credit] based upon years sentenced rather than years imprisoned." This

Court persists in that view and declines to follow the trendlet reflected by *Moreland* and the few like-minded district court decisions cited in *Yi, supra,* at *3.

For these reasons, the Court concludes that the Recommendation is a correct application of the facts and the law.  Accordingly, it is

ORDERED as follows:

1. The Court ACCEPTS and ADOPTS the Recommendation for Dismissal (Dkt. # 15);

2. The Court DENIES the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. # 3); and

3. This case is hereby DISMISSED.

DATED: July 7, 2005.

BY THE COURT:

s/ Phillip S. Figa
_____
Phillip S. Figa
United States District Judge